IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOHN R. PURNELL, III, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. 20-1058 (RGA) |
| ) | |
| DELAWARE DEPT. OF INSURANCE, ) | |
| KAREN WELDIN STEWART, NOEL ) | |
| EASON PRIMOS, WILCOX & FETZER, ) | |
| LTD., LEXITAS, NEXT GEN, JESSICA ) | |
| WILLEY, ROBIN DAVID, NICOLE ) | |
| HOLECEK, FRANKLIN PYLE and ) | |
| BANKERS INSURANCE COMPANY, ) | |
| ) | |
| Defendants. ) | |

**STATE DEFENDANTS' OPPOSITION TO MOTION FOR DEFAULT JUDGMENT
AND REQUEST FOR ENTRY OF DEFAULT**

Defendants Delaware Department of Insurance ("DOI"), Karen Weldin-Stewart, Noel Eason Primos, Jessica Willey, Robin David, Nicole Holecek, and Franklin Pyle (collectively, the "State Defendants"), by and through undersigned counsel, hereby oppose Plaintiff John R. Purnell III's Motion for Default Judgment and Request for Entry of Default. In support, the State Defendants state the following:[1]

**BACKGROUND**

1. On August 11, 2020, Plaintiff John R. Purnell III ("Plaintiff") filed a complaint against the State Defendants, Wilcox & Fetzer Ltd., Lexitas, Next Gen, and Bankers Insurance Company (the "Complaint"). D.I. 1.

---

[1] In opposing Plaintiff's Motion for Default Judgment and Request for Entry of Default, the State Defendants do not waive any defenses or immunities, including with respect to jurisdictional defects or defects in service of process.

2. On October 28, 2020, Plaintiff filed proofs of service purporting to serve each of the State Defendants. According to the proofs of service, Plaintiff claimed to serve summonses on the State Defendants as follows:

- Noel Eason Primos at a residential address in Milford, Delaware (D.I. 6);[2]
- Delaware Department of Insurance at its offices in Dover, Delaware (D.I. 8);
- Karen Weldin-Stewart at a residential address in Wilmington, Delaware (D.I. 9);
- Jessica Willey at a residential address in Townsend, Delaware (D.I. 12);
- Robin David at a residential address in Clayton, Delaware (D.I. 13);
- Nicole Holecek at a residential address in Kansas City, Missouri (D.I. 14);
- Franklin Pyle at a residential address in Millsboro, Delaware (D.I. 15);

3. On December 8, 2020, Plaintiff filed a Motion for Entry of Default under Federal Rule of Civil Procedure 55(a). D.I. 20. In the motion, Plaintiff claimed that the State Defendants had all been served with the Complaint and had "failed to plead, answer, or otherwise defend against the complaint" within 21 days of service. D.I. 20 ¶¶ 3-7.

4. Shortly after Plaintiff filed his motion, counsel for the State Defendants, Deputy Attorney General ("DAG") Ryan T. Costa, contacted Plaintiff. Ex. B. In a telephone conversation with Plaintiff, and again in a follow-up email, DAG Costa explained to Plaintiff that the State Defendants had not responded to the Complaint because Plaintiff had not completed service yet, as required by 10 *Del. C.* § 3103. *Id.* DAG Costa informed Plaintiff that the State Defendants

---

[2] Defendant Primos is currently a judge on the Superior Court of the State of Delaware. At the time of the events at issue in the Complaint, Defendant Primos was in private practice and had been appointed by the Deputy Commissioner to serve as the Hearing Officer overseeing the proceedings that DOI brought against Plaintiff. Ex. A. Because the claims against Defendant Primos arise from actions he took under the color of authority of DOI, the service requirements of 10 *Del. C.* § 3103, set forth below, apply. *See* 18 *Del. C.* § 309 (providing that an official act of a designee of the Commissioner "shall be deemed an official act of the Commissioner").

would "provide a timely response to your complaint once properly served." *Id.* DAG Costa asked Plaintiff to advise whether he was willing to withdraw his motion and complete service and noted that Plaintiff had also not served the motion itself on the State Defendants. *Id.*

5.  Instead of responding or completing service, on May 12, 2021, Plaintiff filed another motion titled "Request for Entry of Default by Clerk of Court." D.I. 23. The content of the Request for Entry of Default is nearly identical to the December 8, 2020 Motion for Entry of Default. *Compare* D.I. 20 *with* D.I. 23. Additionally, Plaintiff filed an affidavit in which he attested that all of the defendants had been served with the Complaint and that all defendants other than Bankers Insurance Company (which filed a motion to dismiss) had failed to respond to the Complaint. D.I. 24. Neither Plaintiff's motion nor his affidavit makes any mention of his conversation with DAG Costa and DAG Costa's explanation of the service requirements. Plaintiff has not served his latest filings.

6.  This is the State Defendants' opposition to Plaintiff's motions.

## ARGUMENT

7.  An entry of default against a defendant under Federal Rule of Civil Procedure 55 is only proper if the plaintiff has first secured jurisdiction over that defendant by completing service of process. *See Richmond v. Correct Care Sols., LLC*, 2018 WL 4567118, at *1 (D. Del. Sept. 24, 2018) (explaining that "[a]s a threshold matter, when ruling upon a motion for default judgment, a court is required to determine if there are any jurisdictional defects," including "consideration of whether proper service of the complaint has been effectuated because, in the absence of proper service, the court lacks personal jurisdiction over a defendant."); *Jacobs v. Tenney*, 316 F. Supp. 151, 165 (D. Del. 1970) ("Whether a default should be entered against any of these defendants depends upon whether proper service has been perfected against them.").

8. To effect service on state agencies or state officers, the plaintiff must comply with both Federal Rule of Civil Procedure 4 and 10 *Del. C.* § 3103(c) ("Section 3103(c)"). Section 3103(c) provides that:

> No service of summons upon the State, or upon any administrative office, agency, department, board or commission of the state government, or upon any officer of the state government concerning any matter arising in connection with the exercise of his or her official powers or duties, shall be complete until such service is made upon the person of the Attorney General or upon the person of the State Solicitor or upon the person of the Chief Deputy Attorney General.

Thus, under Section 3103(c), a plaintiff suing a state agency or officer must serve both that agency or officer *and* the Attorney General, State Solicitor, or the Chief Deputy Attorney General. *Seawright v. Williams*, 2006 WL 1687764, at *1 (D. Del. 2006).

9. Here, even if Plaintiff had properly served summonses on the State Defendants under Rule 4, service was not complete until he also served the Attorney General, the State Solicitor, or the Chief Deputy Attorney General. DOI is a state agency and Plaintiff's allegations against the individual State Defendants arise out of the performance of their duties in their official capacities as state officers. *See* D.I. 1 at ¶¶ 31-42, 49-51, and 56. Thus, Plaintiff was required to comply with the requirements of Section 3103. The record does not reflect any attempt by Plaintiff to do so, even after counsel for the State Defendants reached out to him as a courtesy to explain the service requirements. Ex. B. Plaintiff ignored the State Defendants and instead proceeded to file a second motion for default judgment.

10. Finally, although the State Defendants became aware of the Complaint, Plaintiff is not excused from complying with the requirements for service. *Grand Enttm't Grp., Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 492 (3d Cir. 1993) ("Notice to a defendant that he has been sued does not cure defective service, and an appearance for the limited purpose of objecting to service does not waive the technicalities of the rule governing service.").

11.     Because Plaintiff has failed to effect service of process on the State Defendants, his requests for default judgment must be denied.

## CONCLUSION

**WHEREFORE**, the State Defendants respectfully request that the Court deny Plaintiff's Motion for Default Judgment and Request for Entry of Default. A form of order is attached.

**STATE OF DELAWARE
DEPARTMENT OF JUSTICE**

*/s/ Zi-Xiang Shen*
Zi-Xiang Shen (#6072)
Deputy Attorney General
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, Delaware 19801
(302) 577-8400
Zi-Xiang.Shen@delaware.gov

*Attorney for Defendants Delaware Department of Insurance, Karen Weldin Stewart, Noel Eason Primos, Jessica Willey, Robin David, Nicole Holecek, and Franklin Pyle*

Dated: May 21, 2021

# EXHIBIT A

THE INSURANCE DEPARTMENT OF THE STATE OF DELAWARE

| | |
|---|---|
| IN THE MATTER OF: | : |
| | : |
| JOHN PURNELL AND | : DOCKET NO. 2970-2015 |
| BAIL BOND AGENCY, INC. | : DE LICENSE NO.: 0163352 (PURNELL) |
| | : 1132956 (BBA) |
| Licensed Bail Producers, | : |
| Respondents | : |

## APPOINTMENT OF HEARING OFFICER

**NOW COMES**, the Deputy Insurance Commissioner of the State of Delaware who does hereby order that Noel Primos, Esquire, be appointed Hearing Officer in the above-captioned matter for the purpose of conducting a hearing and making proposed findings of fact to the Commissioner. The hearing officer shall have the authority to issue orders and subpoenas as permitted by 29 *Del. C.* §§ 10121-10126 and shall report his findings and recommendations to me upon the conclusion of the hearing in the foregoing matter as required by 29 *Del. C.* § 10126.

**SO ORDERED** this 14th day of January, 2016.

W. Harding Drane, Jr.
Deputy Insurance Commissioner

# EXHIBIT B

| | |
|---|---|
| **From:** | Costa, Ryan (DOJ) |
| **To:** | bailbond247@gmail.com |
| **Subject:** | Purnell v. Delaware Department of Insurance |
| **Date:** | Monday, December 14, 2020 2:14:08 PM |

Mr. Purnell:

I had stepped out, but saw that you called my office again and left a message with your email address. Thank you for reaching out.

It was not clear to me from your voicemail, but please let me know if you have decided whether you are willing to withdraw your motion for a default judgment and complete service in accordance with 10 Del. C. § 3103. As I mentioned previously, my clients will provide a timely response to your complaint once properly served.

If you are unwilling to withdraw your motion, please let me know how and when you intend to serve the motion on my clients so we may plan our response to it.

Kind regards,

Ryan

Ryan T. Costa
Assistant Unit Head, Defensive Litigation Unit
Delaware Department of Justice
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, Delaware  19801
(302) 577-8362
Ryan.Costa@delaware.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JOHN R. PURNELL, III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 20-1058 (RGA) |
| | ) | |
| DELAWARE DEPT. OF INSURANCE, KAREN WELDIN STEWART, NOEL EASON PRIMOS, WILCOX & FETZER, LTD., LEXITAS, NEXT GEN, JESSICA WILLEY, ROBIN DAVID, NICOLE HOLECEK, FRANKLIN PYLE and BANKERS INSURANCE COMPANY, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER

On this _____ day of _____, 2021, IT IS HEREBY ORDERED that entry of default against Defendants Delaware Department of Insurance, Karen Weldin Stewart, Noel Eason Primos, Jessica Willey, Robin David, Nicole Holecek, and Franklin Pyle is DENIED.

_____
J.

## CERTIFICATE OF SERVICE

The undersigned certifies that on May 21, 2021, she caused a true and correct copy of the attached *State Defendants' Opposition to Plaintiff's Motion for Default Judgment and Request for Entry of Judgment* to be filed with the Clerk of Court using CM/ECF and will send notification to the following via U.S. mail:

John R. Purnell III
P.O. Box 1456
Bear, DE 19701

**STATE OF DELAWARE**
**DEPARTMENT OF JUSTICE**

*/s/ Zi-Xiang Shen*
Zi-Xiang Shen (#6072)