IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

JOHN R. PURNELL, III,

Plaintiff,

v.

DELAWARE DEPT. OF INSURANCE, et al.,

Defendants.

: Civil Action No. 20-1058-RGA

---

John R. Purnell, III, Bear, Delaware. Pro Se Plaintiff.

Zi-Xiang Shen, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for Defendants Delaware Department of Insurance, Karen Weldin-Stewart, Noel Eason Primos, Robin David, Nicole Holecek, and Frank Pyle.

David Phillip Primack, Esquire, McElroy Deutsch Mulvaney & Carpenter LLP, Wilmington, Delaware. Counsel for Bankers Insurance Company.

**MEMORANDUM OPINION**

August 12, 2021
Wilmington, Delaware

**ANDREWS, U.S. District Judge:**

Plaintiff John R. Purnell, III, who proceeds *pro se*, filed this action pursuant to 42 U.S.C. § 1985(3), and 42 U.S.C. § 2000e-2(k)(1).[1] (D.I. 1 at 3). Before the Court are Defendant Bankers Insurance Company's motion to dismiss and Plaintiff's requests for entries of default. (D.I. 3, 20, 23). Briefing is complete. (D.I. 4, 21, 22, 25).

## I. BACKGROUND

This action concerns a complaint filed by the Delaware Department of Insurance against Plaintiff alleging that he and his bail bond company, Bail Bond Agency, Inc., had violated certain provisions of the Delaware Insurance Code and no longer met the criteria for issuance of a license following which his license was revoked. (D.I. 1; *see* D.I. 4-1 at 2). As alleged, Plaintiff "was a licensed bail producer and general agent for the State of Delaware Department of Insurance." (D.I. 1 at 3). Bankers Insurance Company was his insurance company. (*Id.*). Plaintiff received a notice of revocation from the Department of Insurance in September 2015. (*Id.* at 4, 6).

At some point in time, before August 27, 2015, Bankers obtained a $281,911.89 judgment against Plaintiff in a Florida court. (*Id.* at 5). The "judgment was the direct and proximate result of court forfeitures accrued by Plaintiff's New Jersey agent." (*Id.*). On August 27, 2015, "Bankers received [a] foreign judgment in the New Castle County Superior Court" in that amount against Plaintiff.[2] (*Id.* at 5-6).

[1] There is no apparent reason why the second statute is cited in the complaint.

[2] On October 11, 2016, the Delaware court stayed the execution of the judgment. (D.I. 1 at 6).

Bankers Insurance Company forwarded documentation to the Department of Insurance that indicated Plaintiff and his sub-agents had caused losses of more than $300,000 to Bankers. (D.I. 4-1 at 4). Plaintiff alleges that Bankers "contacted the Delaware Department of Insurance in an act of frustration" because of Plaintiff's New Jersey agent's forfeitures and that Bankers initiated the process of revoking Plaintiff's bail producer/agent license. (*Id.* at 6). Plaintiff alleges that "all Defendants entered a conspiracy to revoke his bail producer/agent license at the direction of [Bankers] who was disgruntled because of forfeitures arising in New Jersey." (*Id.* at 13). The Complaint alleges that Bankers used Defendants with State authority "to 'put a hit' on the top bail bondsman in the state, who is African American." (*Id.*).

A hearing was held on February 17, 2016. (*Id.* at 7; *see* D.I. 4-1 at 5). The hearing officer issued recommended findings, and recommended that the Delaware Commissioner of Insurance find that Purnell violated the Insurance Code and that the Commissioner "immediately revoke" Plaintiff's license. (D.I. 4-1 at 6). On September 26, 2016, the Commissioner adopted the bulk of the hearing officer's recommended findings and revoked Plaintiff's license and imposed a fine. (*Id.* at 8). Plaintiff appealed to the Superior Court of the State of Delaware and, on September 7, 2017, it affirmed that portion of the Commissioner's decision that revoked Plaintiff's license and reversed the assessed fine. (*Id.* at 31). Plaintiff appealed to the Delaware Supreme Court, and on May 30, 2018, it affirmed the Superior Court's judgment. *See Purnell v. Delaware Dep't of Ins.,* 2018 WL 2435554, at *1 (Del. May 30, 2018). Reargument was denied on July 5, 2018. *Id.*

On August 3, 2018, Plaintiff improperly removed the Delaware Supreme Court case for this Court to review the Supreme Court's July 5, 2018 opinion. *See Purnell v. Delaware Dep't of Ins.*, Civ. No. 18-1160-RGA (D.Del.). The removed case was summarily remanded to State Court on November 19, 2018. *See* Civ. No. 18-1160-RGA, at D.I. 5, 6 (D.Del. Nov. 19, 2018).

Plaintiff filed this action on August 11, 2020. (D.I. 1).

## II. LEGAL STANDARDS.

Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Federal Rule of Civil Procedure 12(b)(6) permits a party to move to dismiss a complaint for failure to state a claim upon which relief can be granted.

Although generally a court may only consider the contents of the complaint on a Rule 12(b)(6) motion to dismiss, "a court may consider certain narrowly defined types of material without converting the motion" to one for summary judgment. *In re Rockefeller Ctr. Props. Sec. Litig.*, 184 F.3d 280, 287 (3d Cir. 1999). Courts may consider documents "*integral to or explicitly relied* upon in the complaint," *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997); *see also In re Lipitor Antitrust Litig.*, 868 F.3d 231, 249 (3d Cir. 2017), or matters of public record, *Chugh v. Western Inventory Servs., Inc.*, 333 F. Supp. 2d 285, 289 (D.N.J. 2004).

When reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept the factual allegations as true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56

(2007). Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* at 545. Factual allegations do not have to be detailed, but must provide more than labels, conclusions, or a "formulaic recitation" of the claim elements. *Id.*

Moreover, there must be enough factual matter to state a facially plausible claim to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The facial plausibility standard is satisfied when the complaint's factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## III. DISCUSSION

Plaintiff raises a claim against Bankers pursuant to 42 U.S.C. § 1985(3). Bankers moves for dismissal on the grounds that the claim is barred by the applicable two-year statute of limitations. (D.I. 4). Plaintiff opposes and contends that the license revocation matter was equitably tolled while it was under judicial review and the case was timely filed. (D.I. 21).

Personal injury statute of limitations are applied to § 1985(3) violations. *Bougher v. University of Pittsburgh*, 882 F.2d 74, 79-80 (3d Cir. 1989). In Delaware, personal injury claims are subject to a two-year limitations period. *See* 10 Del. C. § 8119. Although state law determines the applicable limitations period for claims under § 1985, federal law governs a cause of action's accrual date. *See Genty v. Resolution Trust Corp.*, 937 F.2d 899, 919 (3d Cir. 1991). A 1985(3) cause of action accrues when the plaintiff "knew of or should have known of the alleged conspiracy." *Dique v. New Jersey State Police*, 603 F.3d 181, 189 (3d Cir. 2010); *Bougher*, 882 F.2d at 79-80;

Generally, "[t]he determination of the time at which a claim accrues is an objective inquiry; we ask not what the plaintiff actually knew but what a reasonable person should have known." *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009).

Although the Third Circuit has usually focused on the objective test of what a reasonable person should have known with respect to his injury, *see Kach*, 589 F.3d at 634, this does not mean that when a plaintiff actually knows he has been injured that the statute fails to run if an objective person in that position may not have had such knowledge As the Supreme Court has explained, the objective determination is made to ensure that the statute of limitations is not "in the sole hands of the party seeking relief." *Wallace v. Kato*, 549 U.S. 384, 391 (2007).

Generally, the tolling rules in federal civil rights actions are taken from the rules of the forum state, unless they conflict with federal law or policy. *See* 42 U.S.C. § 1988; *Hardin v. Straub*, 490 U.S. 536, 539 (1989). Under Delaware law, equitable tolling occurs when the plaintiff can show he was ignorant of the wrong due to the defendant's fraud or fraudulent concealment or some other circumstance justifying why plaintiff did not have reason to know of the facts constituting the alleged wrong. *Kahn v. Seaboard Corp.*, 625 A.2d 269, 276 (Del. Ch. 1993). Under federal law, "[e]quitable tolling is appropriate in three general scenarios: (1) where a defendant actively misleads a plaintiff with respect to her cause of action; (2) where the plaintiff has been prevented from asserting her claim as a result of other extraordinary circumstances; or (3) where the plaintiff asserts her claims in a timely manner but has done so in the wrong forum." *Lake v. Arnold*, 232 F.3d 360, 370 n.9 (3d Cir. 2000). Plaintiff bears the burden of

demonstrating that he exercised reasonable diligence and that equitable tolling is appropriate under the circumstances. *See Grant v. Secretary U.S. Dep't of Homeland Security*, 698 F. App'x 697, 700 (3d Cir. 2017).

Bankers argues that Plaintiff's claims are based upon alleged acts in 2015 and 2016 that culminated in a license revocation hearing on February 17, 2016. It argues that, based upon the allegations, the latest Plaintiff could have become aware of the alleged civil rights violation was February 17, 2016 – the date of the hearing. (D.I. 4 at 9). Bankers further contends that even if the Court uses May 30, 2018, the date of the Delaware Supreme Court's decision as the accrual date of Plaintiff's claim, it remains time-barred. In Plaintiff's view, the statute of limitations did not begin to run until November 19, 2018, when this Court remanded Plaintiff's removed action, Civ. No. 18-1060-RGA, to State court.

Plaintiff has not met his burden to show his claim against Bankers is saved by equitable tolling. Plaintiff's late filing does not fall within any of the scenarios that allow for equitable tolling. Nor was Plaintiff's claim against Bankers tolled during his State Court appeal. *See, e.g.*, *Sharpe v. Philadelphia Housing Auth.*, 693 F.2d 24 (3d Cir. 1982) (time for filing ran from the date of plaintiff's original termination and not from the conclusion of his administrative appeal); *Moore v. Temple Univ.*, 2016 WL 4061352, at *4 (E.D. Pa. July 29, 2016) (plaintiff's cause of action arose when the initial decision was communicated to him, not upon the conclusion of his appeal). As alleged in the Complaint, at some point in either 2015 or 2016, Bankers contacted the Delaware Department of Insurance and initiated the process of revoking Plaintiff's bail

producer/agent license. (D.I. 1 at 5-6). The Complaint does not state when Plaintiff became aware of Bankers' alleged actions but the Superior Court's September 7, 2017 decision indicates that Plaintiff had notice as early as September 26, 2016, when the Insurance Commissioner issued a final decision and order, certainly by September 7, 2017 the date of the Superior Court's decision, and undisputedly by May 30, 2018, when the Delaware Supreme Court ruled on Plaintiff's appeal, all occurring two years prior to the time Plaintiff filed his Complaint. (*See* D.I. 4-1). Finally, the Court rejects Plaintiff's claim that the matter was tolled when he improperly removed the State Court matter to this Court.

The claim against Bankers is time-barred since it was filed outside the two-year limitation period. Plaintiff has offered nothing to suggest that there is any basis for equitable tolling. The motion to dismiss will be granted.

## IV. ENTRY OF DEFAULT

Plaintiff requested entry of default against Delaware Department of Insurance, Karen Weldin-Stewart, Noel Eason Primos, Wilcox & Fetzer Ltd., Lexitas, Next Gen, Jessica Willey, Robin David, Nicole Holecek, and Frank Pyle. (D.I. 20, 23). State Defendants Delaware Department of Insurance, Karen Weldin-Stewart, Noel Eason Primos, Robin David, Nicole Holecek, and Frank Pyle oppose the requests on the grounds that proper service upon then has not taken place since Plaintiff failed to serve the Attorney General of the State of Delaware as is required to properly effect service. (D.I. 25) State Defendants' opposition is well-taken. They have not been properly served as is required by Fed. R. Civ. P. 4. The requests for entry of default of the State

Defendants will be denied. The Clerk of Court will be directed to enter the defaults of Defendants Wilcox & Fetzer Ltd., Lexitas, and Next Gen. (*See* D.I. 7, 10, 11).

## V.  CONCLUSION

Based upon the above discussion, the Court will: (1) grant Bankers Insurance Company's motion to dismiss (D.I. 3); (2) grant in part and deny in part Plaintiff's requests for entry of default (D.I. 20, 23); and (3) direct the Clerk of Court to enter default against Wilcox & Fetzer Ltd., Lexitas, and Next Gen.

An appropriate Order will be entered.