IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOHN R. PURNELL, III, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 20-1058-RGA |
| DELAWARE DEPT. OF INSURANCE, et al., | : |
| Defendants. | : |

John R. Purnell, III, Bear, Delaware. Pro Se Plaintiff.

Zi-Xiang Shen, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for Defendants Delaware Department of Insurance, Karen Weldin-Stewart, Noel Eason Primos, Jessica Willey, Robin David, Nicole Holecek, and Frank Pyle.

Brian E. Farnan, Esquire, Farnan LLP, Wilmington, Delaware. Counsel for Defendants Wilcox & Fetzer Ltd., Lexitas, and Next Gen.

**MEMORANDUM OPINION**

February 25, 2022
Wilmington, Delaware


ANDREWS, U.S. District Judge:

Plaintiff John R. Purnell, III, who proceeds *pro se*, filed this action alleging violation of 42 U.S.C. § 1985(3), 42 U.S.C. § 2000e-2(k)(1), and the Fourteenth Amendment. (D.I. 1). Before the Court are Defendants' motion to dismiss and motion to set aside default and Plaintiff's motion to strike and motion to amend. (D.I. 26, 33, 42, 48). Briefing is complete.

I.  **BACKGROUND**

This action concerns a complaint filed by the Delaware Department of Insurance against Plaintiff alleging that he and his bail bond company, Bail Bond Agency, Inc., had violated certain provisions of the Delaware Insurance Code and no longer met the criteria for issuance of a license following which his license was revoked. (D.I. 1; *see* D.I. 27-4 at 2-7). As alleged, Plaintiff "was a licensed bail producer and general agent for the State of Delaware Department of Insurance." (D.I. 1 at 3). Plaintiff received a notice of revocation from Defendant Delaware Department of Insurance in September 2015. (*Id.* at 4, 6).

Plaintiff alleges that "all" Defendants "entered a conspiracy to revoke his bail producer/agent license at the direction of [Bankers] who was disgruntled because of forfeitures arising in New Jersey." (*Id.* at 13). A hearing was held on February 17, 2016. (*Id.* at 7; *see* D.I. 27-1 at 2). Defendant Jessica Willey represented the Department of Insurance during the hearing and Defendant Noel Eason Primos, the hearing officer, presided. (D.I. 1 at 9; D.I. 27-4 at 2-7). Primos issued recommended findings, and recommended to Defendant Weldin Stewart, the Delaware Commissioner of Insurance, that she find Purnell violated the Insurance Code and that the

1

Commissioner "immediately revoke" Plaintiff's license. (D.I. 27-1 at 10). On September 26, 2016, the Commissioner adopted the bulk of the hearing officer's recommended findings and revoked Plaintiff's license and imposed a fine. (D.I. 27-4 at 2-7). Plaintiff appealed to the Superior Court of the State of Delaware and, on September 7, 2017, the Superior Court affirmed that portion of the Commissioner's decision that revoked Plaintiff's license and reversed the assessed fine. (*See* D.I. 4-1 at 2-32). Plaintiff appealed to the Delaware Supreme Court, and on May 30, 2018, the Supreme Court affirmed the Superior Court's judgment. *See Purnell v. Delaware Dep't of Ins.*, 2018 WL 2435554, at *1 (Del. May 30, 2018). Reargument was denied on July 5, 2018. *Id.*

On August 3, 2018, Plaintiff improperly removed the Delaware Supreme Court case for this Court to review the Supreme Court's July 5, 2018 opinion. *See Purnell v. Delaware Dep't of Ins.*, Civ. No. 18-1160-RGA (D. Del.). The removed case was summarily remanded to State Court on November 19, 2018. *See id.* at D.I. 5, 6 (D. Del. Nov. 19, 2018). On November 29, 2018, the Clerk of the Delaware Supreme Court advised Plaintiff that no further action would be taken. (D.I. 27-10 at 2). Plaintiff filed this action on August 11, 2020. (D.I. 1).

Defendants Delaware Department of Insurance, Karen Weldin-Stewart, Noel Eason Primos, Jessica Willey, Robin David, Nicole Holecek, and Frank Pyle ("State Defendants") move for dismissal on the grounds that the complaint is time-barred, Plaintiff failed to effect service of process, and they are immune from suit. (D.I. 26). Plaintiff was given a deadline until on or before September 9, 2021 to file an answering brief or respond to the motion. (D.I. 31). He did not.

On August 12, 2021, the Court granted Plaintiff's request for entry of default and the Clerk entered default against Defendants Lexitas, Next Gen, and Wilcox & Fetzer Ltd. the same day. (D.I. 29, 30). In turn, Deposition Solutions, LLC filed a motion to set aside the entry of default. (D.I. 33). Plaintiff responded by filing a motion to strike sham pleading and an answering brief. (D.I. 42, 44). On December 3, 2021, Plaintiff filed a motion for leave to file an amended complaint. (D.I. 48).

## II.  MOTION TO DISMISS

### A.  Legal Standards

Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Federal Rule of Civil Procedure 12(b)(6) permits a party to move to dismiss a complaint for failure to state a claim upon which relief can be granted. Although generally a court may only consider the contents of the complaint on a Rule 12(b)(6) motion to dismiss, "a court may consider certain narrowly defined types of material without converting the motion" to one for summary judgment. *In re Rockefeller Ctr. Props. Sec. Litig.*, 184 F.3d 280, 287 (3d Cir. 1999). Courts may consider documents "*integral to or explicitly relied* upon in the complaint," *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997); or matters of public record, *Chugh v. Western Inventory Servs., Inc.*, 333 F. Supp. 2d 285, 289 (D.N.J. 2004).

When reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept the factual allegations as true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Rule 8(a) requires "a short and plain statement of the claim showing that the

3

pleader is entitled to relief." *Id.* at 545. Factual allegations do not have to be detailed, but must provide more than labels, conclusions, or a "formulaic recitation" of the claim elements. *Id.*

Moreover, there must be enough factual matter to state a facially plausible claim to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The facial plausibility standard is satisfied when the complaint's factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### B. Discussion

Plaintiff raises a claims against State Defendants alleging violations of 42 U.S.C. § 1985(3), 42 U.S.C. § 2000e-2(k)(1), and the Fourteenth Amendment. State Defendants move for dismissal on the grounds that the claims are time-barred. (D.I. 27).

Personal injury statute of limitations are applied to § 1985(3) violations and claims that arise under 42 U.S.C. § 1983.[1] *See Wilson v. Garcia*, 471 U.S. 261, 275 (1985); *Bougher v. University of Pittsburgh*, 882 F.2d 74, 79-80 (3d Cir. 1989). In Delaware, personal injury claims are subject to a two-year limitations period. *See* 10 Del. C. § 8119. Although state law determines the applicable limitations period for claims under § 1985 and § 1983, federal law governs a cause of action's accrual date. *See Genty v. Resolution Trust Corp.*, 937 F.2d 899, 919 (3d Cir. 1991). Claims under § 1985(3) and § 1983 accrue when the plaintiff "knew or should have known of the

---

[1] Allegations that State Defendants violated the Fourteenth Amendment arise under 42 U.S.C. § 1983. *See West v. Atkins*, 487 U.S. 42, 48 (1988) (when bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law).

4

alleged civil rights violation." *Bougher*, 882 F.2d at 80.  Generally, "[t]he determination of the time at which a claim accrues is an objective inquiry; we ask not what the plaintiff actually knew but what a reasonable person should have known." *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009).

Plaintiff filed his Complaint on August 11, 2020.  (D.I. 1).  State Defendants argue that Plaintiff's injury occurred on February 17, 2016, the date of the revocation hearing. (D.I. 27 at 10).  They also argue that even if the Court uses September 26, 2016, the date that the final decision and order was issued, it still is well outside the two-year statute of limitations. (*Id.*).

Plaintiff did not timely file the claims against State Defendants.  It is clear that the § 1985(3) and § 1983 claims against State Defendants are time-barred since the Complaint was filed well outside the two-year limitation period.

State Defendants also move for dismissal of the claims raised under 42 U.S.C. § 2000e-2(k), Title VII of the Civil Rights Act of 1964.  Title VII provides that it shall be an unlawful employment practice for an employer to discriminate against an individual based upon race, color, religion, sex, or national origin. *Id*.  As discussed by State Defendants, the Title VII claim does not apply since Plaintiff does not allege that he was employed by the State of Delaware or that he ever sought employment with the State. Additionally, there is nothing to suggest that Plaintiff filed a complaint of discrimination with the EEOC as is required when raising Title VII claims. *See Clarkson v. SEPTA*, 700 F. App'x 111 (3d Cir. 2017).  The Court will thus dismiss the Title VII claims.

5

Accordingly, State Defendants' motion to dismiss will be granted.[2] (D.I. 26).

### III. MOTION TO SET ASIDE ENTRY OF DEFAULT

The Clerk entered default against Wilcox & Fetzer Ltd., Lexitas, and Next Gen on August 12, 2021. (D.I. 30). On October 21, 2021, Deposition Solutions, LLC filed a motion to set aside the entry of default on behalf of the defaulted Defendants. (D.I. 33). Plaintiff opposes and moves to strike the "sham pleading." (D.I. 42).

Deposition Solutions explains that it filed the motion on behalf of Lexitas, Next Gen, and Wilcox & Fetzer because the Complaint names trade names rather than entities, as follows:

> "Lexitas" is a trade name used by Deposition Solutions, LLC and is not a corporate entity with the capacity to be sued. *See* [D.I. 34-1], at ¶ 2.
>
> "Next Gen" is ambiguous. It may refer to assets purchased by Deposition Solutions in an asset purchase from Next Generation Reporting, LLC in October 2017 or it may refer to the specific entity. Next Generation Reporting, LLC is not and never has been owned or operated by Deposition Solutions, LLC. To the extent the latter is the entity Plaintiff intended to sue, Deposition Solutions, LLC does not make these arguments on its behalf.
>
> "Wilcox & Fetzer" appears to refer to a trade name that may not have the capacity to be sued. Deposition Solutions, LLC does not have knowledge of that entity's corporate history, other than that Deposition Solutions, LLC purchased certain assets from Next Generation Reporting, LLC in October 2017, including the right to use the Wilcox & Fetzer name. In that purchase, Deposition Solutions did not agree to assume any liabilities, whether related to Wilcox & Fetzer or Next Generation Reporting, LLC. To the extent Plaintiff intended to bring a claim against Deposition Solutions, LLC based on its purchase of these assets, Deposition Solutions, LLC's response is limited only to the interest it acquired in the asset purchase.

---

[2] Because the claims against State Defendants are time-barred and non-cognizable, the Court will not address the other grounds for dismissal raised by State Defendants.

6

(D.I. 34 at 5 n.1).

Deposition Solutions moves to set aside the entry of default on the grounds that it was unaware that the lawsuit had been filed because it was not named as a defendant, was not served and, therefore, did not respond to the Complaint. It notes that the returns of service are not related to any named defendant. Rather, they are to Deposition Solutions, LLC t/a (*i.e.*, trading as) Wilcox & Fetzer, Lexitas Reporting, and NextGen Reporting. (*See* D.I. 7, 10, 11). Deposition Solutions indicates that its registered agent apparently accepted service of process, but Deposition Solutions has no record of receiving mailed service. Finally, it indicates that it became aware of the lawsuit only when it received a copy of Plaintiff's undated notice of entry of default.

Plaintiff opposes and states that Deposition Solutions, LLC is not the true party in interest; rather it is Depo Holdings, LLC. He argues that the Complaint and summons were properly served and Defendants had adequate notice of the action. He further argues that Deposition Solutions has no standing. Plaintiff moves to strike the motion (D.I. 42) and argues that Deposition Solutions and the law firm of Farnan LLP are fictitious names and, therefore, are governed by 6 Del. C. § 3101 *et seq*. Plaintiff's motion to strike will be denied.

An entry of default may be vacated upon a showing of "good cause," Fed. R. Civ. P. 55(c), *Bhimnathwala v. Judiciary of State of New Jersey, Fam. Div.*, 858 F. App'x 558, 560 (3d Cir. 2021), *cert. denied sub nom. Bhimnathwala v. New Jersey State Judiciary*, 142 S. Ct. 712 (2021). The decision to vacate the default entry is committed to the discretion of the trial court. *See United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (3d Cir. 1984). In the Third Circuit, default judgments are disfavored

7

as they prevent claims from being decided on the merits. *Id.* Even in close cases, "doubts should be resolved in favor of setting aside the default and reaching the merits." *Zawadski de Bueno v. Bueno Castro*, 822 F.2d 416, 420 (3d Cir. 1987). When considering a decision to set aside the entry of default, the Court should consider the following factors: (1) whether Plaintiff will be prejudiced if the Court sets aside the default; (2) whether Defendants have a meritorious defense; and (3) whether the default was a result of Defendants' culpable conduct. *See $55,518.05*, 728 F.2d at 194.

Deposition Solution asserts there is at least one meritorious defense – Plaintiff's claims are time barred and Plaintiff cannot meet his burden to show vicarious liability. The meritorious-defense factor is considered the "threshold issue" in setting aside a default. *Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 F. App'x 519, 522 (3d Cir. 2006). The standard requires a defendant to "set forth with some specificity the grounds for his defense." *Nationwide*, 175 F. App'x at 522. "The showing of a meritorious defense is accomplished when 'allegations of defendant's answer, if established on trial, would constitute a complete defense to the action.'" *$55,518.05*, 728 F.2d at 195 (*quoting Tozer v. Charles A. Krause Mill. Co.*, 189 F.2d 242, 244 (3d Cir. 1951)). The expiration of the statute of limitations is a meritorious defense.

Plaintiff claims that he will be prejudiced should the entry of default be set aside as he "suffers daily for the lost ability to earn income from his trade and business, suffered and continues to suffer the financial loss, mental anguish, and security of his home loss due to Defendant's' actions and omissions." (D.I. 44 at 4, 12). He contends the "defendant knowingly, intentionally, and maliciously destroyed evidence needed to effectively assert multiple claims during, at, and after the revocation of [his] State bail

8

producer's license." (*Id.* at 12). And, he argues 'the destruction of the audio recording of the revocation hearing before the finality of the case(s) below constituted spoliation of evidence." (*Id.*).

"Prejudice is established . . . when a plaintiff's ability to pursue the claim has been hindered by, for example, loss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the judgment." *Nationwide*, 175 F. App'x at 523 (cleaned up). "Delay in realizing satisfaction on a claim rarely serves to establish a sufficient degree of prejudice." *Id.* Here, Plaintiff's assertion of prejudice rests upon the recovery of alleged financial loss and loss of available evidence. As to recovery of financial loss, that, in itself, is insufficient to establish prejudice. The allegations of destruction of evidence fare no better in establishing prejudice. Plaintiff's complaint alleges that Wilcox & Fetzer were complicit in the conspiracy to destroy the audio record of the hearing "before the time of appellate review elapsed." (D.I. 1 at 13). The Complaint alleges that Plaintiff has email evidence with Wilcox & Fetzer regarding the destruction of the audio recording. Plaintiff's appeal before the New Castle County Superior Court was ruled upon on September 7, 2017, and he was informed by the Delaware Supreme Court on November 28, 2018, that it would take no further action his case. (D.I. 21 at 2; D.I. 27-10 at 2). Both these events occurred two to three years prior to Plaintiff's filing of this lawsuit on August 11, 2020. Since his claim is that Wilcox and Fetzer destroyed an audio recording before he filed suit, there can be no relevant prejudice to Plaintiff from delay in this case when the evidence at issue did not exist when Plaintiff commenced this action.

9

Finally, the record does not support a finding of culpable conduct. To show culpable conduct, "more than mere negligence must be demonstrated." *Nationwide*, 175 F. App'x at 523 (cleaned up). Cases where courts have found a lack of culpability "typically involved innocent mishaps or mere mistakes." *Id.* (collecting cases). The record reflects that Deposition Solution was unaware of the lawsuit and, when it discovered its existence, took immediate action. (*See* D.I. 34-1 at 2-4).

Having reviewed all the factors, I conclude that it is appropriate to set aside the entry of default. Therefore, the motion to set aside entry of default will be granted.

## IV.   MOTION TO AMEND

Plaintiff moves for leave to file an amended complaint to add parties, to reflect the allegations against the new parties, and to amplify some of the original allegations. (D.I. 48). Local Rule 15.1 provides that a party who moves to amend a pleading shall attach to the motion: (1) the proposed pleading as amended, complete with a handwritten or electronic signature; and (2) a form of the amended pleading which indicates in what respect it differs from the pleading which it amends, by bracketing or striking through materials to be deleted and underlining materials to be added. Plaintiff did not do this, and did not come close to doing this.

Therefore, Plaintiff's motion to amend will be denied without prejudice to renew upon compliance with the Local Rules of this Court.

## V.   CONCLUSION

Based upon the above discussion, the Court will: (1) grant State Defendants' motion to dismiss; (2) grant the motion to set aside entry of default against Wilcox &

Fetzer Ltd., Lexitas, and Next Gen; (3) deny Plaintiff's motion to strike; and (4) deny without prejudice to renew Plaintiff's motion for leave to amend.

An appropriate Order will be entered.